**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMEN MURADYAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 07-74725

Agency No. A096-362-908

MEMORANDUM *

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010 **
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

   Armen Muradyan ("Muradyan"), a native and citizen of Armenia, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal

of an Immigration Judge's ("IJ") decision ordering him removed to Armenia. We

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction over this petition pursuant to 8 U.S.C. § 1252(a)(1), and we deny Muradyan's petition.

The facts of this case are known to the parties. We do not repeat them.

## I

The BIA's findings of fact are reviewed for substantial evidence. *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). We uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted).

## II

The BIA's adverse credibility finding is supported by substantial evidence. The hearing transcript contains numerous examples of Muradyan's elusive, confused and incoherent responses to the IJ's questions. *See Sing-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (stating that courts "give 'special deference' to a credibility determination that is based on demeanor"). Likewise, Muradyan's testimony about his involvement in the election was notably inconsistent, as he offered several conflicting descriptions of his participation. Additionally, Muradyan's testimony regarding the nature of the $500 payment he received contradicted his earlier representations about that payment that he made in his

declaration.  *See Berroteran-Melendez v. INS*, 955 F.2d 1251, 1256 (9th Cir. 1992) (noting that significant inconsistencies between the asylum application and testimony support an adverse credibility finding).

In the aggregate, these considerations provide substantial evidence for the BIA's adverse credibility finding.

**DENIED.**